# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DERRICK ARTHUR BURDETTE**   **PLAINTIFF**

**v.**   **No. 3:14CV190-NBB-DAS**

**PANOLA COUNTY JAIL, ET AL.**   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Derrick Arthur Burdette who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved [21] for summary judgment. The plaintiff has responded to the motion; the defendants have replied, and the plaintiff has submitted a rebuttal brief to that reply. The matter is ripe for resolution. For the reasons set forth below, the motion [21] by the defendants for summary judgment will be granted, and the instant case will be dismissed because the events giving rise to the plaintiff's claims occurred outside the applicable statute of limitations.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066

(1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

In their motion for summary judgment, the defendants argue that: (1) Burdette did not exhaust his administrative remedies as required under the Prison Litigation Reform Act, (2) Burdette's claims are barred by Mississippi's three-year general statute of limitations, and (3) the defendants are

shielded under the doctrine of qualified immunity from suit. As the statute of limitations issue is dispositive in this case, the court will not address the defendants' other arguments.

## Undisputed Material Facts[1]

During all times relevant to this suit, Burdette, who was a state inmate convicted for possession of a controlled substance, was housed at the Panola County Jail. On March 1, 2011, Burdette and inmate Brashun Taylor had an altercation, after which Burdette told the defendants that he and Taylor should be separated because another altercation between them could prove deadly. The defendants decided not to separate the two, and on March 28, 2011, Taylor attacked Burdette from behind, leaving him injured and unconscious. Burdette was transported to The Med in Memphis, where he was treated for his injuries. Burdette underwent surgery, recovered in The Med for five days, and was transferred on April 3, 2011, from the Med to the Unit 42 Hospital at the Mississippi State Penitentiary in Parchman for 28 days. He was diagnosed with brain and nerve damage affecting his speech, vision, and memory. Burdette also suffers from headaches and numbness as a result of his injuries. Burdette's symptoms have since improved but have not totally subsided.

Burdette was transferred on April 30, 2011, from the Mississippi State Penitentiary back to Panola County, where he stayed for about 8 months. He was then moved to the Central Mississippi Correctional Facility in Rankin County, where he stayed for about 45 days – and was then transferred to the South Mississippi Correctional Institution in Greene County.

Burdette alleges that he was incapacitated from his brain injuries from March 28, 2011 (the date of the attack) until May 1, 2011 (the date of his transfer back to the Panola County Jail.) He also

---

[1] For the purposes of this memorandum opinion only, the court has accepted as true the plaintiff's allegations that he was incapacitated during the time he stayed at a hospital for treatment of his head injury after the 2011 attack. Also, Burdette's timeline of events is imprecise; as such, the court has given him the benefit of the doubt by construing the dates most favorably to his argument that the statute of limitations should be tolled.

states that the Panola County Jail has no legal assistance program – and that he received no legal assistance during his subsequent stays at the Central Mississippi Correctional Facility and the South Mississippi Correctional Institution. He alleges that after he was released from the Unit 42 Hospital and transferred to various prison facilities, the forms necessary to file the instant case were not available to him.

**Statute of Limitations**

In a case filed under 42 U.S.C. § 1983, the federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is Miss. Code Ann. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). "Under federal law, a section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992)). Under the "mailbox rule," a prisoner's federal pleading is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny).

**Statutory Tolling**

Federal courts also adopt the forum state's tolling principles. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008) ("Just as we borrow the forum state's statute of limitations for § 1983 purposes, we borrow also the state's tolling principles.") Under Mississippi law:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited,

after his disability shall be removed as provided by law.

Miss. Code Ann. § 15-1-59 (1995). "The term 'unsound mind,' when used in any statute in reference to persons, shall include idiots, lunatics, and persons non compos mentis." Miss. Code Ann. § 1-3-57 (1972). The tolling provision of Miss. Code Ann. § 15-1-59 does not require an adjudication of mental disability. *Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So.2d 388 (Miss. 1998.) Thus, if the plaintiff can show that he was of unsound mind for a period prior to the expiration of the statute of limitations, then the court must toll the limitations period during that time.

### Equitable Tolling

In addition, the doctrine of equitable tolling may "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995) (citing *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428 (1965). Courts have applied equitable tolling when a plaintiff has received inadequate notice, when a motion for appointment of counsel was pending, where the court has led the plaintiff to believe that she has done everything required to vindicate her rights, and where affirmative misconduct by the defendant "lulled the plaintiff into inaction." *Baldwin Count Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). The common thread in the various cases discussing equitable tolling is that the doctrine is triggered when "the plaintiff is actively misled by the defendant about the cause of action or *is prevented in some extraordinary way from asserting his rights*." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis added). The plaintiff bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his [complaint]. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d

924 (2007). The standard is "'reasonable diligence, not 'maximum feasible diligence.'" *Holland v. Florida,* —U.S. —, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010) at (quoting *Lonchar v. Thomas,* 517 U.S. 314, 326, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) and *Starns,* 524 F.3d at 618). A delay of even four months, however, shows that a plaintiff has not diligently pursued his rights. *Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001).

**Calculating the Total Amount of Tolling**

Burdette became aware of his injuries on March 28, 2011, the day he sustained them. Thus, the statute of limitations for claims arising from those injuries expired three years later, on March 28, 2014. Burdette signed the instant complaint on July 15, 2014 – 109 days after the expiration of the limitations period. As such, this case was untimely filed. Burdette, however, argues that the limitations period should be tolled for two periods during which he was incapacitated – first, during his stay at the hospital (through statutory tolling), and second, during his subsequent stay at the Panola County Jail (through equitable tolling). The court will apply state statutory tolling during Burdett'e 5-day stay at The Med following his injury on March 28, 2011, and during his 28-day recovery at the Mississippi State Penitentiary Hospital at Unit 42 – a total of 33 days. This moves the expiration of the 3-year limitations period to April 30, 2014 (March 28, 2014 + 33 days). As Burdette did not file this case until July 15, 2014, even with statutory tolling, the case was filed 76 days beyond the limitations period.

Burdette also argues that the court should apply equitable tolling during his 8-month stay at the Panola County Jail – because the Jail does not provide access to a legal library or the form § 1983 complaint. The court declines to do so. Even if the Panola County Jail did not provide legal assistance or § 1983 complaint forms, the plaintiff could simply have requested the complaint forms from the court, as many other inmates do on at least a weekly basis. Thus, the plaintiff had

constitutionally adequate access to the court; he simply failed to take advantage of it. In addition, even after leaving the Panola County Jail, Burdette waited over two years before pursuing his claim under 42 U.S.C. § 1983 – far more than the four months the Fifth Circuit Court of Appeals has found to show lack of due diligence. Hence, as Burdette is not entitled to equitable tolling, his complaint was filed 76 days beyond the expiration of Mississippi's 3-year limitations period and will be dismissed for that reason. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of October, 2015.

*/s/ Neal Biggers*
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE